UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILFREDO TORRES,<br><br>                  Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; NEIL VERAS; PATRICIA de JESUS; JOHN DOE, POLICE OFFICER #1; JOHN DOE, POLICE OFFICER #2; JOHN DOE, POLICE OFFICER #3; NEW YORK CITY HEALTH AND HOSPITALS; NEW YORK CITY HEALTH AND HOSPITALS JOHN DOE, MD #1<br><br>                  Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC # _____<br>DATE FILED: Feb. 7, 2020<br><br>1:19-CV-6332 (ER)<br><br>ORDER OF SERVICE |

EDGARDO RAMOS, United States District Judge:

       Plaintiff, who appears *pro se*, asserts claims that the defendants violated his federal constitutional rights. He sues the City of New York, identified (Neil Veras and Patricia de Jesus) and unidentified members of the New York City Police Department ("NYPD"), NYC Health + Hospitals ("H+H"), and an unidentified physician employed by H+H at the Bellevue Hospital Center ("Bellevue"). The Court construes Plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

      By order dated August 21, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

      The Court directs service on the City of New York, Veras, de Jesus, and H+H. The Court also directs the Corporation Counsel of the City of New York and counsel for H+H to provide the identities, badge numbers (if applicable), and service addresses of the unidentified defendants to Plaintiff and the Court.

## DISCUSSION

A.  **Service on the City of New York, Veras, de Jesus, and H+H**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint on the City of New York, Veras, de Jesus, and H+H until the Court reviewed the amended complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve those defendants until 90 days after the date that summonses for those defendants are issued. If the amended complaint is not served on those defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the City of New York, Veras, de Jesus, and H+H through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for those defendants, and deliver to the

Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

Plaintiff must notify the Court if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

**B.     The unidentified defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant and a defendant's service address. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD and H+H to provide the identities, badge numbers (if applicable), and service addresses of the unidentified defendants. The unidentified defendants include: (1) NYPD officers who, on February 27, 2019, arrested Plaintiff at his apartment or, on that date or on February 28, 2019, brought him to any of the following locations: (a) the NYPD's 13th Precinct, (b) Bellevue, or (c) a state court, and (2) a physician employed at Bellevue who, on February 27, 2019, examined Plaintiff at Bellevue. It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the NYPD, as well as counsel for H+H, must ascertain the identities and badge numbers (if applicable) of the unidentified defendants who Plaintiff seeks to sue here, as well as the addresses where they may be served. The Corporation Counsel and counsel for H+H must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the newly identified defendants and listing all of those defendants' badge numbers and service addresses. The second amended complaint will replace, not supplement, Plaintiff's original and amended complaints. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint,

the Court will screen the second amended complaint and, if necessary, issue an order directing service on the newly named defendants.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to issues summonses for the City of New York, Neil Veras, Patricia de Jesus, and NYC Health + Hospitals; complete USM-285 forms with the service addresses for those defendants; and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court further directs the Clerk of Court to mail a copy of this order and the amended complaint to: (1) the Corporation Counsel of the City of New York at 100 Church Street, New York, New York 10007, and (2) NYC Health + Hospitals at 125 Worth Street, New York, New York 10013.

The Court denies Plaintiff's "Motion to Stay Decision" as moot. (ECF 10.)

A second amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 7 2020
         New York, New York

_____
EDGARDO RAMOS
United States District Judge

4

**DEFENDANTS AND SERVICE ADDRESSES**

1. City of New York
   Law Department
   100 Church Street
   New York, New York 10007

2. Police Officer Neil Veras
   13th Precinct
   230 East 21st Street
   New York, New York 10010-7460

3. Police Officer Patricia de Jesus
   13th Precinct
   230 East 21st Street
   New York, New York 10010-7460

4. NYC Health + Hospitals
   125 Worth Street
   New York, New York 10013