

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

CAROLYN K. DEPOIAN
*Senior Counsel*
Phone: (212) 356-2358
Fax: (212) 356-3509
cdepoian@law.nyc.gov

May 18, 2020

**BY ECF**
Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

The presiding Judges of these two matters having conferred, the motion to consolidate is denied.

It is SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated: 5/19/2020
New York, New York

Copies Mailed to Plaintiff
Chambers of Edgardo Ramos

Re: Wilfredo Torres v. Bellevue South Associates LLP, City of New York, Bellevue Hospital, Officer Colby Wright, Officer Kevin Wahligh, Officer Nicholas Machio, Officer Michael Traverso, Officer Krzysztof Fryc, Denis McGowan, Lieutenant James Scordus, Firefighter Daniel Barvels, Firefighter John Pepe, Doctor Aaron Buckland, 16 Civ. 2362 (RA) (KNF)

Wilfredo Torres v. City of New York, New York City Health & Hospitals, Police Officer Neil Veras, Police Officer Patricia de Jesus, John Doe Policer Officer #1, John Doe Police Officer #2, John Doe Police Officer #3, New York Health & Hospitals John Doe MD #1, 19 Civ. 6332 (ER)

Your Honor:

I am the attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, assigned to the above referenced matter.[1]  Defendant Denis McGowan and the City

---

[1] Please take further notice that this case is assigned to Assistant Corporation Counsel Jessica C. Engle, who is presently awaiting admission to the Southern District of New York and is handling this matter under my supervision.  Ms. Engle may be reached directly at jengle@law.nyc.gov.

of New York respectfully request the consolidation of the above-referenced matters, which involve common questions of fact and law, pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure ("FRCP"), for the purpose of discovery only.[2]  Defendant Dr. Aaron Buckland, who is represented by Jessica Moller, Esq., of Bond, Schoeneck & King, PLLC, has no objections to this request.  Defendant Bellevue Hospital, who is represented by Heidell, Pittoni, Murphy & Bach, LLP, takes no position on the instant motion.

**Background**

*Torres I*

Plaintiff Wilfredo Torres, who is proceeding *pro se*, filed the Complaint in his first action, 16 Civ. 2362 (hereinafter "*Torres I*"), on March 29, 2016.  See *Torres I* Civil Docket Sheet Entry No. 1.  In *Torres I*, plaintiff brings causes of action related to two incidents that he alleges were acts of retaliation in response to his repeated complaints to his landlord and the Department of Buildings ("DOB") about a commercial oven at a restaurant adjoining his building.

*September 28, 2015 Incident ("Torres I Incident One")*

Plaintiff alleges that on September 28, 2015, his landlord's employee, Ziijo Drogalic,[3] and defendant New York City Police Department ("NYPD") Officers Nicholas Machio, Michael Traverso, and Krzysztof Fryc broke into plaintiff's apartment, handcuffed plaintiff, and held him at gunpoint as they interrogated him as part of a "raid."  See *Torres I* Civil Docket Sheet Entry No. 33.  According to plaintiff, one of the officers informed plaintiff that defendant DOB Inspector General Denis McGowan had sent the group to visit plaintiff.  See *id*.  Notably, plaintiff does not name any Central Intelligence Agency ("CIA") agents as defendants or witnesses to this incident, and only sought to add Federal Bureau of Investigations ("FBI") agents as defendants in November 2018, nearly two and a half years after initially filing this lawsuit.

*April 28, 2016 Incident ("Torres I Incident Two")*

Plaintiff alleges that on April 28, 2016, NYPD Lieutenant James Scordus, NYPD Police Officers Colby Wright and Kevin Wahligh, New York City Fire Department ("FDNY") firefighters Daniel Barvels and John Pepe, and paramedics Edward Rivera and Gianella Robalino illegally entered his apartment and transported him in handcuffs to Bellevue Hospital.  See *Torres I* Civil Docket Sheet Entry No. 33.  Once again, plaintiff does not name any CIA agents

---

[2] Should this request be granted, the two cases should be consolidated under the existing, older docket number for *Torres I*, 16 Civ. 2362 (KNF) (RA).  See, e.g., *Perez v. Hexo Corp.*, 19 Civ. 10965 (NRB) / 20 Civ. 196 (NRB), 2020 U.S. Dis. LEXIS 32381, at *3 (S.D.N.Y. Feb. 25, 2020) ("All relevant filings and submissions" in consolidated actions "shall be maintained as one file under docket number 19 Civ. 10965 [the older docket number]").

[3] Ziijo Drogalic, was originally named as a defendant before being omitted from a later iteration of plaintiff's pleadings.  See *Torres I* Civil Docket Sheet Entry Nos. 76, 275.

as defendants or witnesses to this incident.  Plaintiff further brings causes of action related to his allegations that once at Bellevue Hospital, he was assaulted by Bellevue security guards and treated against his will before being released with a diagnosis of "delirium."  *See id*.

### *Torres I Procedural History*

By September 2019, twelve of the thirteen defendants had moved to dismiss the claims in *Torres I* pursuant to either FRCP 12(b)(6) or FRCP 56.[4]  On September 28, 2018, while these motions were pending, the Court Ordered plaintiff "not to file a new action related to the events . . . [already alleged in the case] or an amended complaint without first receiving leave from either this Court or Judge Fox."  *See Torres I* Civil Docket Sheet Entry No. 298.

On February 26, 2020, the Court issued a Report and Recommendation (R&R), recommending dismissal of plaintiff's case against all defendants who had so moved except for Denis McGowan and Bellevue Hospital.[5]  *See Torres I* Civil Docket Sheet Entry Nos. 373–377.  Discovery has yet to commence regarding plaintiff's claims against Denis McGowan.

### *Torres II*

On July 8, 2019, the aforementioned *Torres I* motions were pending when plaintiff filed the Complaint in a new action, filed under docket number 19 Civ. 6332 (hereinafter "*Torres II*").  Plaintiff filed an Amended Complaint on January 8, 2020, in which he alleges <u>five</u> incidents which he alleges are part of a "domestic assassinations program" carried out conjunctively by the CIA, the FBI, and the NYPD.  *See Torres II* Civil Docket Sheet Entry No. 12.

### *September 28, 2015 Incident ("Torres II Incident One")*

Plaintiff alleges that on September 28, 2015, Zigo Drogalic[6] broke into his apartment with "the Central Intelligence Agency-Federal Bureau of Investigation-New York City Police Department Unit ('CIA-FBI-NYPD Unit'), handcuffed plaintiff, "and at gunpoint carried-out [sic] a warrantless raid."  *See Torres II* Civil Docket Sheet Entry No. 12.  Plaintiff also alleges that the "CIA-FBI-NYPD Unit" informed him that they were sent by "Department of Homeland Security Regional Director, Denis McGowan," and called the encounter a "wellness check."  *See id*.  Plaintiff alleges that he "filed lawsuit 16CV2362 at the Southern District of New York [F]ederal Court, which was assigned to the Honorable Judge Ronnie Abrams, and the Honorable Magistrate Judge Kevin Nathaniel Fox."  *Id*.  Notably, plaintiff does not name any individuals or John Does as defendants involved in this incident.

---

[4] Defendant Dr. Aaron Buckland did not make such a motion.
[5] The District Court has yet to issue a decision regarding the adoption of said R&Rs.
[6] Again, Ziijo Drogalic was originally named as a defendant for this very incident in *Torres I*, before being omitted from a later iteration of plaintiff's pleading.  *See Torres I* Civil Docket Sheet Entry Nos. 76, 275.

*April 28, 2016 Incident ("Torres II Incident Two")*

Plaintiff alleges that on April 28, 2016, Elijah Smalls (one of his landlord's employees) and "[t]he CIA-FBI-NYPD Unit" returned, and broke into plaintiff's apartment. *See Torres II* Civil Docket Sheet Entry No. 12. Plaintiff alleges that the "CIA-FBI-NYPD Unit" then handcuffed him and transported him to Bellevue Hospital, where he was treated against his will before being released the next day with a diagnosis of "delirium." *See id*. Plaintiff once again does not name any individuals or John Does as defendants involved in this incident.

*October 20, 2018 Incident ("Torres II Incident Three")*

Plaintiff alleges that on October 20, 2018, the day after he made a motion to add the FBI as a defendant in *Torres I*, "the CIA-FBI-NYPD Unit" fabricated a Family Court accusation against plaintiff. *See Torres II* Civil Docket Sheet Entry No. 12. Plaintiff alleges that the accusation was later dismissed. *See id*. Yet again, plaintiff does not name any individuals or John Does as defendants involved in this incident.

*December 13, 2018 Incident ("Torres II Incident Four")*

Plaintiff alleges that on December 13, 2018, "the CIA-FBI-NYPD Unit, Police Officers Neil Veras and Patricia de Jesus, and Elijah Smalls" made an unsuccessful attempt to enter plaintiff's apartment with the aid of a sledgehammer. *See Torres II* Civil Docket Entry No. 12.

*December 21-28, 2018 Incidents ("Torres II Incident Five")*

Plaintiff alleges that on December 21, 2018, "the CIA-FBI-NYPD Unit, Police Officers Neil Veras and Patricia de Jesus," filed another false Family Court accusation against plaintiff, and arrested plaintiff. *See Torres II* Civil Docket Sheet Entry No. 12. According to plaintiff, this accusation was later dismissed. *See id*.

*February 27, 2019 Incident ("Torres II Incident Six")*

Plaintiff alleges that on February 27, 2019, "the CIA-FBI-NYPD Unit composed of Police Officers Neil Veras, Patricia de Jesus, John Doe #1, John Doe #2, and Jane Doe #3" entered plaintiff's apartment, and arrested him on false charges related to his Family Court case. *See Torres II* Civil Docket Sheet Entry No. 12. Per plaintiff, they then shuttled him back and forth between Bellevue Hospital, the 13th Precinct, and the Court until the following day. *See id*. On February 7, 2020, the Court Ordered the Corporation Counsel of the City of New York to identify the John Doe defendants allegedly involved in this incident. *See Torres II* Civil Docket Sheet Entry No. 14.

**Legal Standard**

FRCP 42(a) provides that consolidation is appropriate "[i]f actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). The standard for consolidation "is an expansive one, allowing consolidation of the broad range of cases brought in

federal court." 8 MOORE'S FED. PRAC. § 42.10[1][a], at 42-9 (3d ed. 1998). Indeed, consolidation is appropriate "when there are common questions of law or fact to avoid unnecessary costs or delay," such as suits that bring "virtually identical claims based on virtually identical factual allegations." *R.I .Laborers' Pension Fund v. FedEx. Corp.*, 19 Civ. 5990 (RA)/19 Civ. 6183 (RA), 2019 U.S. Dist. LEXIS 180646, at *7 (S.D.N.Y. Oct. 18, 2019) (internal quotation marks and citations omitted).

"It is well-settled that Rule 42 gives a district court broad discretion to consolidate legal actions *sua sponte*." *City of Riviera Beach Gen. Emples. Ret. Sys. v. Macquarie Infrastructure Corp.*, 18 Civ. 3608 (VSB), 2019 U.S. Dist. LEXIS 14860, at *7 (S.D.N.Y. Jan. 30, 2019) (internal citation omitted). Consolidation "should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation marks and citations omitted). "Indeed, if judicial resources will be conserved thereby advancing judicial economy, a district court will generally consolidate actions." *City of Riviera Beach Gen. Emples. Ret. Sys. v. Macquarie Infrastructure Corp.*, 18 Civ. 3608 (VSB), 2019 U.S. Dist. LEXIS 14860, at *7 (S.D.N.Y. Jan. 30, 2019) (internal citation omitted).

In deciding a motion to consolidate, courts consider:

> [w]hether the specific risks of prejudice and possible confusion that could arise from consolidation are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time require to conclude multiple suits as against a single one, and the relative expense to all concerned.

*Glavan v. Revolution Lighting Techs., Inc.*, 19 Civ. 980 (JPO) / 19 Civ. 2308 (JPO) / 19 Civ. 2722 (JPO), 2019 U.S. Dist. LEXIS 125960, at *6 (S.D.N.Y. July 29, 2019) (quoting *Barkley v. Olympia Mortg. Co.*, 557 F. App'x 22, 25 (2d Cir. 2014) (summary order) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)). Consolidation has been found to be appropriate in virtually every kind of action that can be brought in federal court, including § 1983 actions. *See, e.g.*, *Hayes v. Coughlin*, Nos. 87-7401(CES) / 89-5498(CES), 1991 U.S. Dist. LEXIS 10521, at *6 (S.D.N.Y. July 30, 1991); *see also In re Larry McNair*, 15 Civ. 8915, Docket Entry No. 14 (Memo Endorsement of Motion to Consolidate). Where consolidation is otherwise appropriate, "[t]hat certain defendants are named in only one or some of the complaints does not require a different result." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 03 Civ. 8264 (RWS) / 03 Civ. 8521 (RWS) / 03 Civ. 8935 (RWS) / 03 Civ. 9968 (RWS) / 04 Civ. 2038 (RWS), 229 F.R.D. 395, 402 (S.D.N.Y. May 27, 2004) (collecting cases).

**Argument**

Consolidation of *Torres I* and *Torres II* is appropriate because there are common questions of fact and law, and because plaintiff brings identical claims on identical factual allegations that he purports are part of one, single government conspiracy. In several letters to

the Court, plaintiff has made it abundantly clear that the incidents alleged in *Torres I* (September 28, 2015, and April 28, 2016), were "part of the domestic assassinations program of the U.S. Central Intelligence Agency . . . that targets political dissidents" that includes the incidents he alleges in *Torres II*, which he claims he is a target of because he is "included in the federal government terrorism list." *See* Plaintiff's March 13, 2020 Letter, *Torres I* Civil Docket Sheet Entry No. 380; *see also* Plaintiff's March 11, 2020 letter, *Torres I* Civil Docket Sheet Entry Nos. 382, 383 (plaintiff states that *Torres II* Incident Six was "the last" of the CIA's actions against him)).[7] He further represents that *Torres II* is related to the previous case, but claims it was assigned to a different judge at his request.[8][9] *Id*.

Moreover, a comparison of plaintiff's Amended Complaints shows that *Torres I* Incident One and *Torres I* Incident Two are the same as *Torres II* Incidents One and *Torres II* Incident Two. Indeed, the only significant difference is that plaintiff characterizes the defendants who he already made these allegations against in *Torres I* as "the CIA-FBI-NYPD Unit," instead of referring to them by name.[10] Already, plaintiff is filing letters on both dockets that are completely duplicative. *Compare Torres I* Civil Docket Sheet Entry No. 385 *with Torres II* Civil Docket Sheet Entry No. 21. Because his claims are completely duplicative, all the motion practice related to these claims that would occur in *Torres II* will be perfectly duplicative of the same efforts that were already undertaken by defendants and the Court in *Torres I*. Such duplication will not only create a very real risk of inconsistent adjudications, but it will also prejudice defendants by significantly increasing the relative expense of defending these actions by forcing the additional expenditure of limited time and available resources; prolong the time necessary to resolve plaintiff's claims; and create more, rather than less, confusion.

Because plaintiff alleges that *Torres I* Incidents Three through Six are part of a government conspiracy that *includes* the incidents alleged in *Torres I*, discovery regarding those allegations in *Torres II* will inevitably involve discovery of facts underlying the allegations in *Torres I*. Moreover, because plaintiff believes all the incidents alleged in both *Torres I* and *II* are part of a single conspiracy, and refers to the incidents in one case as support for his claims in the other, significant confusion and duplication is already occurring because of the overlapping and similar nature of plaintiff's claims in his two cases. *See, e.g.*, *Torres I* Civil Docket Sheet Entry Nos. 382, 383. Indeed, any motion practice in *Torres II* would inevitably include explanation of the allegations and docket activity in *Torres I* even if the perfectly duplicative claims were

---

[8] Attached to the letter were a number of exhibits, many of which were identical to the exhibits attached to his Amended Complaint in *Torres II*. *See id*.

[9] On March 31, 2020, plaintiff filed another letter on the *Torres I* docket which is identical to his previous letter, except for the attached exhibits, only some of which are duplicative of those attached to his previous letter. *See* Civil Docket Sheet Entry No. 383.

[10] As noted, *supra*, the fact that plaintiff named some defendants in only one of the complaints does not mean that consolidation is inappropriate. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 03 Civ. 8264 (RWS) / 03 Civ. 8521 (RWS) / 03 Civ. 8935 (RWS) / 03 Civ. 9968 (RWS) / 04 Civ. 2038 (RWS), 229 F.R.D. 395, 402 (S.D.N.Y. May 27, 2004) (collecting cases).

dismissed, as the Amended Complaint in *Torres II* includes details about *Torres I* in the allegations about the remaining incidents. This would only augment the already existing confusion between plaintiff's cases.

Furthermore, plaintiff was ordered by the Court in *Torres I* "not to file a new action related to the events or an amended complaint without first receiving leave from either this Court or Judge Fox." *See Torres I* Civil Docket Sheet Entry No. 298. Plaintiff acted in complete contravention of this Order when he filed the Complaint in *Torres II*, which plaintiff himself admits is related to *Torres I*, and which includes claims that are completely duplicative of his claims in *Torres I*. *See Torres I* Civil Docket Sheet Entry No. 380; *and see Torres II* Civil Docket Sheet Entry Nos. 2, 12.

Moreover, on April 10, 2020, plaintiff himself stated that "the raid of 2-27-19 should have been part of case 16CV2362 [*Torres I*]." *See Torres II* Civil Docket Sheet Entry Nos. 19, 22. However, according to plaintiff, he actively sought to have *Torres II* assigned to a new judge who would be more favorable to his cause than he believes Judges Abrams and Fox have been, who plaintiff claims "unjustly attacked" him. *See Torres I* Civil Docket Sheet Entry Nos. 382–384 at page 3; *see also Torres II* Civil Docket Sheet Entry Nos. 19 at 1. Plaintiff should not be rewarded for his willful ignorance of an explicit Court Order, or his attempts to undermine the Court by shopping his case to a judge who he hopes will be more sympathetic to his cause. Allowing plaintiff to proceed with two cases comprising of duplicative claims he believes are all related, and thereby giving him a second bite at the apple in *Torres II*, would be an unwarranted reward.

Accordingly, defendants the City of New York and Denis McGowan respectfully request that *Torres II* be transferred and consolidated with *Torres I* for the purposes of discovery to avoid the prejudice to defendants that will result from having to litigate these duplicative and intertwined claims separately. Far from causing confusion, bringing all parties into a single suit under the control of a single judge will create greater clarity, allow for further development of the facts, reduce the risk of divergent rulings and repetitious discovery, and result in the most efficient use of judicial resources.

Thank you for your consideration.

Respectfully submitted,

*Carolyn K. Depoian* /S/
Carolyn K. Depoian
*Senior Counsel*

cc:   Honorable Kevin Nathaniel Fox (By ECF)
       United States Magistrate Judge
       United States District Court
       Southern District of New York
       500 Pearl Street
       New York, NY 10007

Bond, Schoeneck & King, PLLC
Jessica Christine Moller, Esq.
*Attorney for Defendant Dr. Aaron Buckland*

Heidell, Pittoni, Murphy & Bach, LLP
Doreen Dufficy, Esq.
Silvia Durri Manaashirov, Esq.
Austa Starr Devlin, Esq.
Daryl Paxson, Esq.
Gabrielle LaMarche DeYoung, Esq.
Ryan Michael Cleary, Esq.
Tucker Christian Kramer, Esq.
*Attorneys for Defendant Bellevue Hospital*

CC:   BY E-MAIL
      Wilfredo Torres
      radiante11111@gmail.com