UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

            Plaintiff,

      vs.

CITY OF NEW YORK; NEIL VERAS; PATRICIA DE JESUS, Shield No. 1305; DIOASKY PENA, Shield No. 10240; DANIEL PEARLES, Shield No. 15167; MATEUSZ HADER, Shield No. 9149; NEW YORK CITY HEALTH AND HOSPITALS; ARKAPRAVA DEB, M.D.; and STEVEN LASLEY, M.D.,

            Defendants.

**ORDER**

19 Civ. 6332 (ER)

RAMOS, D.J.:

      Wilfredo Torres, *pro se*, alleges violation of his constitutional rights by the City of New York (the "City"), New York City Health and Hospitals ("NYCHH"), Neil Veras, Patricia De Jesus and several John Doe Defendants.  Doc. 1.  On February 7, 2020 the Court issued an order, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), directing the City and NYCHH to identify the John Doe Defendants and directing Plaintiff to amend the complaint within thirty days of their compliance with the Court's Order.  Doc. 14 at 3.  The City and NYCHH complied with the Court's Order, providing the names and addresses of the John Doe defendants—Police Officers Daniel Pearles and Mateusz Hader, and Doctor Arkaprava Deb—by September 10, 2020.  Docs. 72, 73, 77.  On October 9, 2020, Plaintiff filed his second amended complaint.  Plaintiff also requested assignment of *pro bono* counsel.  Doc. 80.

      Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases.  *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 310 (1989).  Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office

request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel.  *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).  The standards governing the appointment of counsel in *pro se* cases were set forth by the Second Circuir in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986).  Factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case and Plaintiff's ability to gather the facts and present the case if unassisted by counsel.  *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing factors set forth in *Hodge*, 802 F.2d at 60–62).  Of these, the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors, including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

    At this early stage in the proceedings, the Court is unable to conclude that Plaintiff's claims are likely to have merit, although that may change as the litigation progresses.  Accordingly, Plaintiff's application for the appointment of *pro bono* counsel is DENIED without prejudice to possible renewal at a later stage in the case.  Plaintiff may, however, seek advice from the New York Legal Assistance Group by calling 212-659-6190.  The Clerk of the Court is respectfully directed to terminate the motion, Doc. 80.

    It is SO ORDERED.

Dated:   October 13, 2020
           New York, New York

                                                                EDGARDO RAMOS, U.S.D.J.