

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**JESSICA ENGLE**
*Assistant Corporation Counsel*
phone: (212) 356-0827
fax: (212) 356-3509
email: jengle@law.nyc.gov

**MEMO ENDORSED**

March 15, 2021

**VIA ECF**
Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Plaintiff is directed to respond to the City's request for a stay, Doc. 128, by **March 30, 2021**.
>
> It is SO ORDERED.
>
> Edgardo Ramos, U.S.D.J
> Dated: 3/16/2021
> New York, New York

Re:   Torres v. City of New York, et al., 19 Civ. 6332 (ER)

Your Honor:

    I am the attorney in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter. Defendants the City of New York and Neil Veras write to respectfully request that the Court stay the present civil proceeding in its entirety pending the return of defendant Officer Daniel Pearles from military leave. The undersigned attempted to reach plaintiff by phone to obtain his consent to this request, but was unsuccessful. However, it is respectfully submitted that plaintiff will not be prejudiced by this request.

    By way of background, the Second Amended Complaint ("SAC") alleges a number of incidents which plaintiff contends are part of a "domestic assassinations program" carried out conjunctively by the Central Intelligence Agency, the Federal Bureau of Investigation, and the New York City Police Department ("NYPD"). *See* Civil Docket Sheet Entry No. 12. Plaintiff's Amended Complaint includes allegations that NYPD officers "fabricated against [plaintiff] a Family Court accusation for Aggravated Harassment" on two separate occasions, and that a "CIA-FBI-NYPD Unit" falsely arrested him on another occasion. *See* Civil Docket Sheet Entry No. 12 at pp. 12–14.

    On January 28, 2021, the U. S. Marshal's Process Receipt ("Receipt") for Officer Daniel Pearles was posted to the Civil Docket Sheet. *See* Civil Docket Sheet Entry No. 115. This Receipt stated that Officer Pearles was served on January 7, 2021, and was thus required to respond to plaintiff's Amended Complaint on or before January 28, 2021, the day the Receipt was posted. *See id.* However, as there was no indication that Officer Pearles had been served prior to the Receipt's posting on the Civil Docket Sheet, defendants City and Veras respectfully requested that the Court *sua sponte* enlarge Officer Pearles's time to respond to the SAC until

March 29, 2021.  *See* Civil Docket Sheet Entry No. 121.  According to the Civil Docket Sheet, this application is still pending with Your Honor.

After unsuccessfully attempting to contact Officer Pearles to discuss representation in this matter, the undersigned was informed on March 4, 2021 that Officer Pearles is on military leave.  On March 5, 2021, the undersigned contacted the NYPD's Military and Long Term Leave Command to confirm this information.  On March 11, 2021, the undersigned received written confirmation that Officer Pearles was deployed on January 23, 2021, and that his tentative discharge date is February 27, 2022.  *See* March 11, 2021 Letter from the Military and Long Term Leave Department, annexed hereto as Exhibit "A."  However, as explained in the letter, Officer Pearles's return date may be extended to May 28, 2022.  *See id*.

The Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 1983, states in relevant part that when a service member is deployed on active duty military service, "the court shall grant a stay of proceedings for a minimum period of 90 days… if the court determines that there may be a defense to the action and a defense cannot be presented without the presence of the defendant . . . ."  Additionally, where the individually named defendant is necessary for the defense of the City of New York, it is also within the broad discretion of the Court to stay the matter beyond the letter of SCRA. *See*, *e.g.*, *Perez v. City of New York, et al.*, 19 Civ. 02351 (LAK) (OTW), Civil Docket Sheet Entry No. 16 (S.D.N.Y. Jul. 10, 2019) (staying proceedings in their entirety pending individual defendant's return from military deployment); *see also Dolman v. Horner*, 2008 U.S. Dist. LEXIS 145405, at *6 (S.D.N.Y. Nov. 10, 2008) (staying entire action "for the period of [individual defendant's] military service and 90 days thereafter").

Plaintiff alleges that Officer Pearles was part of a "warrantless raid" of his apartment, and that Officer Pearles took part in transporting plaintiff back and forth between the 13th Precinct, Bellevue Hospital's psychiatric unit, and court as part of a cycle that lasted thirty-two (32) hours.  *See* Civil Docket Sheet Entry No. 81 at para. 17-18.  Plaintiff also alleges that this "raid" was part of a "domestic assassinations program," and is thus related to the other incidents alleged in this matter.  Officer Pearles's testimony—including testimony about his interactions with plaintiff, who was involved in plaintiff's transportation, where plaintiff was transported, and why plaintiff was transported—is thus critical to his own defense of this matter, and integral to defendant City's ability to defend this action.

Moreover, New York General Municipal Law Section 50-k ("GML 50-k") requires that the Office of the Corporation Counsel make a determination regarding whether "any alleged act or omission . . . occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and [the employee] was not in violation of any rule or regulation of his agency at the time that the alleged act or omission occurred."  N.Y. Gen. Mun. L. §50-k(2).  Such a determination cannot be made without the opportunity to interview Officer Pearles about his actions relevant to the allegations in this matter.  Of course, while Officer Pearles is on military leave, this Office has no ability to conduct such an interview, and thus to make this determination.  As such, this Office cannot represent Officer Pearles before his return from military leave, and certainly cannot submit a response to plaintiff's SAC on his behalf.

- 3 -

  Accordingly, a stay of this action in its entirety until such time that Officer Pearles returns from military leave is appropriate, and is necessary to avoid undue prejudice befalling Officer Pearles, defendant City, or the other individual defendants in this matter.  As such, defendants City and Veras respectfully request that this matter be stayed in its entirety pending Officer Pearles's return to active service with the NYPD, and propose that they provide the Court with a status update regarding Officer Pearles's status on March 29, 2022, *i.e.*, thirty (30) days after Officer Pearles's earliest expected return date.  Of course, should defendants receive an earlier update as to Officer Pearles's status, defendants will relay such update to the Court.

  Thank you for your consideration and attention to this matter.

              Respectfully submitted,

              *Jessica C. Engle*  /s/
              Jessica C. Engle
              *Assistant Corporation Counsel*
              *Special Federal Litigation Division*

Enc.
cc:  BY FIRST CLASS MAIL
   Wilfredo Torres
   *Plaintiff Pro Se*
   470 Second Avenue
   Apt. 2A
   New York, NY 10016

   BY ECF
   *All Attorneys of Record*

PB LOG #2021-1398



**POLICE DEPARTMENT**

**Military and Extended Leave Desk**
**1 Police Plaza – Room 1008**
**New York, N.Y. 10038**
**(646) 610-5513 – Telephone**
**(646) 610-5549 – Fax**
**Meld.extensions@nypd.org**

March 11, 2021

New York City Law Department
Special Federal Litigation Division
100 Church St # 3 191
New York, NY, 10007-2601

Assistant Corporation Counsel Jessica Engle:

Police Officer Daniel Pearles, tax# 957017, is currently assigned to the Military and Extended Leave Desk (MELD) on a Military Leave of Absence from the New York City Police Department. Police Officer Pearles was deployed on January 23, 2021, and his tentative military discharge date is February 27, 2022. Police Officer Pearles is entitled to ninety (90) days of reemployment rights pursuant to the Uniformed Services Employment and Reemployment Rights Act (USERRA) which could amend his expected return date to May 28, 2022.

Sergeant Kariel Aponte
Military and Extended Leave Desk

COURTESY • PROFESSIONALISM • RESPECT