UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

Plaintiff,

-against-

CITY OF NEW YORK; NEIL VERAS; PATRICIA DE JESUS, Shield No. 1305; DIOASKY PENA, Shield No. 10240; DANIEL PEARLES, Shield No. 15167; MATEUSZ HADER, Shield No. 914; NEW YORK CITY HEALTH AND HOSPITALS; ARKAPRAVA DEB, M.D.; and STEVEN LASLEY, M.D.,

Defendants.

**ORDER**

19 Civ. 6332 (ER)

RAMOS, D.J.

Wilfredo Torres, *pro se*, brought this action against the City of New York (the "City"), New York City Health and Hospitals ("NYCHH"), and several John Does employed by the City and NYCHH for violation of his constitutional rights during a raid of his apartment and subsequent hospitalization at Bellevue Hospital. Doc. 2. On October 9, 2020, Torres filed a second amended complaint adding an additional defendant who he named Dr. Steven Lasley. Doc. 81. On January 7, 2021, defendants Daniel Pearles, Neil Veras, Dioasky Peña, Mateasz Hader, and Patricia De Jesús were served with the second amended complaint. Docs. 115-119. On January 15, 2021, Dr. Lasley's summons was returned unexecuted because Bellevue Hospital "ha[d] no record of" him. Doc. 113.

On January 25, 2021, Torres requested that the Court issue an order of service. Doc. 114. On January 28, 2021, the Court granted Torres' request as to Drs. Deb and Lasley, noting that as of that date, neither had been served. Doc. 120. On February 2, 2021 the Court, noting

that Dr. Lasley's summons had been returned unexecuted and therefore its January 28 order could not be fulfilled, stayed that order and directed NYCHH to identify the second doctor who had examined Torres at Bellevue Hospital and who Torres had attempted to identify as Dr. Lasley. Doc. 124. On February 17, 2021, Dr. Deb's summons was returned unexecuted because the process server was first informed that "employee was at Jacobi Hospital," and then was told at Jacobi Hospital that "employee has not been employed since April 2019." Doc. 125. On February 26, 2021, NYCHH identified the second doctor as Dr. Steven Issley. Doc. 126. NYCHH confirmed the other defendant doctor as Dr. Arkaprava Deb and the address for service for both doctors as Bellevue Hospital, 462 First Avenue, New York, New York 10016. *Id.* NYCHH served its response to the Court's February 2 *Valentin* Order on Torres. Doc. 127. To date, neither Dr. Deb nor Dr. Issley has been served.

On January 28, 2021, the City requested that the Court extend the time for defendants Pearles, Peña, De Jesús, and Hader to answer until March 29, 2021. Doc. 121. The next day, the Court granted the request. *See* ECF 123. To date, none of the defendants have answered.

On March 15, 2021, the City moved to stay proceedings until March 29, 2022, in light of defendant Pearles' military service. Doc. 128. The City attached a letter from the New York City Police Department Military and Extended Leave Desk, explaining that Pearles' tentative military discharge date is February 27, 2022, and that he is thereafter entitled to ninety days of reemployment rights, until May 28, 2022. Doc. 128-1. On May 18, 2021, Torres opposed the motion and moved to compel defendants to answer. Doc. 140.

The Servicemembers Civil Relief Act (SCRA) "provide[s] for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. § 3902(2); *see also Conroy v.*

*Aniskoff*, 507 U.S. 511, 512 (1993) ("The [SCRA] suspends various civil liabilities of persons in military service."). Where, as here, a defendant-servicemember "receives actual notice of the action," section 3932 of the SCRA governs. 50 U.S.C. § 3932. That section, entitled "Stay of proceedings when servicemember has notice," provides in relevant part that a servicemember who is in military service and has received notice of the action may apply for a stay of at least ninety days, *see* 50 U.S.C. §3932(b), and that the application must include the following:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

*Id.* § 3932(b)(2).

The City's application fails to meet the requirements of the SCRA, as it does not include any letter or other communication from Pearles' commanding officer explaining why his military duty prevents his appearance, and therefore the application may be denied on that basis. *See* Doc. 128; *see also Branch v. Stukes*, No. 01 Civ. 520 (RMB) (HBP), 2001 WL 1550903, at *1 (S.D.N.Y. Dec. 5, 2001) ("The law is fairly clear, however, that a stay pursuant to the [SCRA] is not appropriate upon a 'mere showing that the defendant [is outside the jurisdiction] in the military service."). Nevertheless, "courts have held that the provisions of the SCRA are to be 'liberally construed' and applied in a 'broad spirit of gratitude towards service personnel.'" *Galgano v. Cty. of Putnam, New York*, No. 16 Civ. 3572 (KMK), 2016 WL 11701301, at *1 (S.D.N.Y. Nov. 15, 2016) (quoting *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) and *Omega Indus., Inc. v. Raffaele*, 894 F. Supp. 1425, 1434 (D. Nev. 1995)); *see also Faublas v. New York City Police Dep't*, No. 10 Civ. 1143 (FB), 2010 WL

11623062, at *1–2 (E.D.N.Y. June 24, 2010) (granting partial stay as to individual defendant-servicemember despite deficiencies in application for stay).

However, the Court stays this matter as to Pearles only, and not as to any of the other defendants. The SCRA explicitly provides that a court need not stay an action in relation to non-servicemember codefendants. 50 U.S.C. § 3935(b) ("If the servicemember is a codefendant with others who are not in military service and who are not entitled to the relief and protections provided under this chapter, the plaintiff may proceed against those other defendants with the approval of the court."). Other courts in this district have declined to stay proceedings in their entirety when one defendant is a servicemember or have stayed proceedings only where the defendant-servicemember had a "prominent role" in the alleged conduct such that their absence would affect codefendants' ability to defend the case. *See Faublas*, 2010 WL 11623062, at *2 (denying City of New York's application to stay proceedings as to non-servicemember defendants); *Galgano*, 2016 WL 11701301, at *2 (S.D.N.Y. Nov. 15, 2016) (granting defendants' request to stay entire proceedings because defendant-servicemember's absence "materially affect[ed]" codefendants' defenses); *Williams v. City of New York*, No. 20 Civ. 0516 (MKV), 2020 WL 883503, at *2 (S.D.N.Y. Feb. 24, 2020) (noting that individual defendant might be covered by SCRA but determining that the matter could proceed as to other defendants because "[p]laintiff's allegations are similar as to all of the defendants[.]"). Here, Torres' allegations in the second amended complaint against Pearles are similar to those against the other defendant officers, and nothing in the record indicates that Pearles' absence will materially affect the remaining defendants' ability to defend this case.

As of the date of this order, none of the defendants have answered as required by the deadline set by the Court. ECF 123. Nor have Drs. Deb and Issley been served within the time

period required by Rule 4(m). Defendants City, NYCHH, Veras, Peña, Hader, and De Jesús are ordered to answer by **November 17, 2021.** The Court further orders that service upon Drs. Deb and Issley be made by **November 29, 2021.** The Clerk of Court is respectfully directed to

- issue amended summonses as to Drs. Deb and Issley;
- complete USM-285 forms for service on Drs. Deb and Issley; and
- deliver all documents necessary to complete service on Drs. Deb and Issley to the U.S. Marshals.

A list of their service address is attached as Appendix A.

The Clerk of Court is further respectfully requested to mail a copy of this order to Wilfredo Torres, 470 Second Avenue, Apt. 2A, New York, New York 10016, and to terminate the motions, Docs. 128 and 140.

It is SO ORDERED.

Dated: October 27, 2021
New York, New York

Edgardo Ramos, U.S.D.J.

**APPENDIX A**

1. Dr. Arkaprava Deb
   Bellevue Hospital
   462 First Avenue
   New York, New York 10016

2. Dr. Steven Issley
   Bellevue Hospital
   462 First Avenue
   New York, New York 10016