UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

                            Plaintiff,

             – against –

CITY OF NEW YORK; POLICE LIEUTENANT NEIL VERAS; and POLICE OFFICERS PATRICIA DE JESUS, *(Shield #1305)*, DIOASKY PENA *(Shield #10240)*, MATEASZ HADER, *(Shield #9149)*, and DANIEL PEARLES *(Shield #15167)*,

                            Defendants.

**OPINION AND ORDER**
19 Civ. 6332 (ER)

Ramos, D.J.:

      Wilfredo Torres, *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his federal and constitutional rights when they entered his apartment on February 27, 2019 and transported him to the NYC-HHC Bellevue Hospital Center. On December 6, 2022, Torres filed an application requesting that *pro bono* counsel represent him in this action. Doc. 177.

      Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The standards governing the appointment of counsel in *pro se* cases were set forth by the Second Circuit in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge*

*v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986).  The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case and the plaintiff's ability to gather the facts and present the case if unassisted by counsel.  *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing factors set forth in *Hodge*, 802 F.2d at 60–62).  Of these, the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors, including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

    At this stage in the proceedings, the Court is unable to conclude that Torres' claims are likely to have merit, although naturally that may change as the litigation progresses.  Accordingly, Torres' application for the appointment of *pro bono* counsel is DENIED without prejudice to possible renewal at a later stage in the case.

It is SO ORDERED.

Dated:   February 3, 2023
           New York, New York

                                                              Edgardo Ramos, U.S.D.J