UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

          Plaintiff,

– against –

CITY OF NEW YORK, et al.,

          Defendants.

**ORDER**

No. 19-cv-6332 (ER)

Ramos, D.J.:

On September 20, 2023, the Court ordered Defendants to respond to Torres' pending motions (Docs. 203, 213, 220, 221, 239, and 240). Sept. 20, 2023 Minute Entry. Thereafter, Torres filed two additional motions (Docs. 243 and 244), and the Court directed Defendants to respond to those motions as well (Doc. 245). Defendants filed their opposition on September 27, 2023 (Doc. 246), and Torres filed a reply on October 10, 2023 (Doc. 247).

**Motion to Disbar and Impose Sanctions Against Defense Lawyers (Doc. 203)**

In his February 3, 2023 motion, Torres alleged that he has been persecuted, tortured, and denied due process because he was erroneously designated a terrorist, and, for the same reason, on September 28, 2015, the government conducted a warrantless raid on his apartment to kill him. Doc. 203 at 1–2. He was thereafter hospitalized against his will for a fabricated diagnosis of "delirium." *Id.* at 3. Torres alleges that the Court "abusively paralyzed the proceedings" by granting a 15 month stay of the proceedings on March 15, 2021 because of a defendant's military service and a further stay on January 31, 2023. *Id.* at 4. He asks that the Court deny any further stay, disbar one of the defense attorneys, impose sanctions against the New York City Law Department, appoint pro bono counsel and a special master, allow him to sue the hospital at which he was institutionalized, and send the case to trial. *Id.*

Defendants filed a letter response on February 10, 2023, contending that Torres' motion for sanctions was unwarranted and frivolous and asked the Court to warn Torres that "further filings of such unsupported motions for unwarranted sanctions may result in the imposition of sanctions against him." Doc. 212 at 2.

First, Torres is mistaken that the Court granted a stay on March 15, 2021. Rather, Defendants filed a letter motion on March 15, 2021 requesting a stay until at least March 29, 2022 based on Defendant Police Officer Daniel Pearles' military service (Doc. 128), and the Court directed Torres to respond by March 30, 2021 (Doc. 129). Torres thereafter failed to respond, and, on March 4, 2021, the Court granted him additional time to respond, until May 19, 2021. Doc. 138. On May 18, 2021, Torres filed a purported opposition that merely stated that the motion to delay was "frivolous" and would violate his due process rights. Doc. 140. On October 27, 2021, the Court stayed the proceedings only as to Pearles and expressly denied the motion to stay as to all other defendants. Doc. 144 at 4.

Torres is also mistaken with respect to the alleged January 31, 2023 stay: Defendants filed a letter motion on that day requesting an extension of the time for Pearles to respond to the complaint, as Pearles had just returned from military service. Doc. 195. The Court granted the extension on February 2, 2023. Doc. 196. Pearles thereafter answered the complaint on March 3, 2023 (Doc. 215) and has since participated in discovery (*see* Doc. 218).

Accordingly, Torres' request that the Court decline to stay the case further is denied as moot. Moreover, the Court does not find any basis to sanction Defendants or their attorneys for the requested stay or subsequent extension of Pearles' time to respond. And the Court already granted the Hospital Defendants' motion to dismiss on January 17, 2023. Doc. 192. Finally, the Court does not find it appropriate or necessary to appoint either a special master or pro bono

counsel at this time; and the case cannot proceed to trial until the close of discovery. Torres' motion is therefore DENIED.

**Motion to Clarify Order of October 27, 2021 (Doc. 213)**

On February 10, 2023, Torres repeated his allegations that he has been mis-designated as a terrorist, that the warrantless raid on his apartment was unconstitutional, and that he was hospitalized involuntarily. Doc. 213 at 1–3. He further stated that, on March 29, 2021, he had timely opposed Defendants' motion to stay proceedings based on Pearles' military service as the Court directed, but the Clerk of the Court "disappeared" his filing because she is a "peon of the Deep State." *Id.* at 4. He therefore asked the Court to reconsider his request that pro bono counsel and a special master be appointed. *Id.*

Defendants responded that Torres' motion was "unintelligible" and should be denied. Doc. 246 at 1.

As noted above, the Court declines to appoint either a special master or pro bono counsel, and Torres' February 10, 2023 motion does not state a basis on which to reconsider the same. The motion is DENIED.

**Plaintiff's Motion to Stay the Proceedings Until the Resolution of Felony Crimes Committed by the Clerk of Court & Three (3) Defense Lawyers (Doc. 220)**

On March 3, 2023, Torres filed a "Motion to Disbar and Jail Lawyers Who Fabricated a 6-Page Court Order, Falsified the Judge's Signature, and Replaced a Legit Court Order." Doc. 216. In addition to his prior allegations as to his mis-designation as a terrorist, the warrantless raid, and involuntary hospitalization, Torres further alleged that the Court's October 27, 2021 Order (Doc. 144) was never sent to him, and Defendants "produced a fabricated 6-page document claiming it to be the real order at docket 144" instead of the "legit 1-page order." *Id.*

3

at 5–6.  He therefore reiterated his requests that the Court disbar several defense attorneys, appoint a special master and pro bono lawyer, and send the case to trial; and he also asked the Court reinstate his claims against the Hospital Defendants.  *Id.* at 6.  Furthermore, he asked that the Court "give [the defense attorneys] a taste of Guantanamo, including torture, forced feedings, and forced enema" and that it "outlaw the fake 'war on terror.'"  *Id.* at 6.

On March 31, 2023, Torres reiterated his allegations that the Clerk of Court and three defense attorneys "committed felonies when they fabricated a court order, printed [Judge Ramos'] name and signature on it, and replaced a legit court order."  Doc. 220 at 1.  He asked that the Court deny all defense petitions moving forward and stay the proceedings until the Clerk of Court and defense lawyers' felonies were resolved.  *Id.* at 2.

Defendants oppose the motion and deny fabricating any court order.  Doc. 246 at 2.

First, the Court's six-page October 27, 2021 Order is not fabricated; that which appears on the docket at Doc. 144 is a true and correct copy of the Court's ruling.  Second, the Court denies the requests to disbar, appoint a special master and pro bono counsel, and immediately send the case to trial for the same reasons as previously noted above.  Third, Torres has not presented a basis to reconsider the Court's January 17, 2023 Opinion granting the Hospital Defendants' motion to dismiss (Doc. 192 ).  *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) ("Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" (citation omitted)); *see also R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512-13 (S.D.N.Y. 2009) (noting that reconsideration is available only in limited circumstances and is not a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision).  Finally, the Court does not have jurisdiction to grant the remainder of Torres' request and would,

4

in any event, deny the requests. The Court cautions that threats against opposing counsel are serious offenses and may result in sanctions or other adverse action, up to and including dismissal of the action. *See Sunegova v. Vill. of Rye Brook*, No. 09-cv-4956 (KMK), 2011 U.S. Dist. LEXIS 147769, at *20–21 (S.D.N.Y. Dec. 22, 2011) (collecting cases).

Insofar as the Court has now addressed Torres' March 3, 2023 motion (Doc. 216), his request to stay proceedings until such point (Doc. 220) is now moot, and the Court finds no other basis on which to stay the proceedings. The motion is DENIED.

**Plaintiffs' Motion for Court-Permission to Amend the Complaint (Doc. 221)**

On April 6, 2023, Torres filed a motion requesting leave to amend his complaint to include additional defendants for fabricating the Court's January 31, 2023 order (Doc. 144). Doc. 221. The Court did not file any order on January 31, 2023, and, as noted above, Doc. 144 (the Court's October 27, 2021 Order) is not fabricated. Leave to amend is therefore DENIED.

**Plaintiffs' Motion for Court Information (Doc. 239)**

On September 11, 2023, Torres filed a document he described as a "motion" listing several of his motions that the Court had ignored or denied and alleging that the Court had thus "show[n] favoritism to the terrorist-defendants." Doc. 239 at 1. As it is not clear what relief, if any, the motion seeks, and the Court has now resolved all pending motions, the motion is DENIED.

**Plaintiffs' Motion for the Court to Explain Why it Secretly Cancels Telephonic Conference Without Previous Notice (Doc. 240)**

Four days prior to filing the instant motion (but dated the same day), Torres filed an identical motion for explanation regarding the "cancelled" telephonic conferences (Doc. 237), and the Court filed an Order responding to the motion on September 11, 2023 (Doc. 238). The

5

instant motion (Doc. 240) is DENIED for the same reasons set forth in the Court's September 11, 2023 Order (Doc. 238).

**Motion to Disqualify the City of New York Law Department from Representing Defendants in this Lawsuit (Docs. 243 and 244)**

Finally, on September 19, 2023, Torres filed two identical motions reiterating his allegations that defense attorneys had fabricated Doc. 144, and he asked that those attorneys be therefore "disqualified from representing defendants or participating in this lawsuit." Doc. 243; Doc. 244. As noted above, Doc. 144 was not fabricated. The Court accordingly DENIES the motions.

- - -

For the reasons stated above, Torres' motions are DENIED. The Clerk of Court is respectfully directed to terminate the motions (Docs. 203, 213, 220, 221, 233, 239, 240, 243, and 244).

It is SO ORDERED.

Dated:   October 16, 2023
         New York, New York

                                                  _____
                                                  Edgardo Ramos, U.S.D.J.