UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

                                    Plaintiff,

        – against –

CITY OF NEW YORK; POLICE
LIEUTENANT NEIL VERAS; *and*
POLICE OFFICERS PATRICIA DE
JESUS (SHIELD #1305), DIOASKY
PENA *and* MATEASZ HADER,

                                    Defendants.

**OPINION & ORDER**

19-CV-06332 (ER)

RAMOS, D.J.:

        Wilfredo Torres, *pro se*, brings this action against the City of New York, Police
Lieutenant Neil Veras, and Policer Officers Patricia de Jesus, Dioasky Pena, and Mateasz
Hader (collectively, "Defendants") for alleged violations of his federal constitutional
rights.[1]  Since filing this action, Torres has ignored an explicit court order to appear for a
deposition (Doc. 266), which has delayed prosecution for eight months.  As a
consequence, this Court GRANTS the Defendants' motion to dismiss Torres' action
against them.

I.      **BACKGROUND**

        Wilfredo Torres filed this action on July 8, 2019, alleging that Defendants violated
his federal constitutional rights when they entered his apartment on February 27, 2019
and transported him to the NYC-HHC Bellevue Hospital Center.  Doc. 81 at 12.  Torres
amended his complaint on January 8, 2020, and again on October 9, 2020 ("Second
Amended Complaint").  Defendants thereafter filed their answer to the Second Amended
Complaint on October 23, 2020.

---

[1] The Court construes Plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1983 and state
law.

Defendants first served Torres with a notice of deposition on November 10, 2022.[2]  *See* Doc. 273-1.  Over one year later, Torres had yet to be deposed, and on January 10, 2024, Defendants sent Torres a letter requesting that he indicate a date and time for his deposition.  *See* Doc. 273-2.  When Torres did not respond to the letter, Defendants unilaterally scheduled a deposition for March 4, 2024.  Doc. 273 at 2.  Defendants sent Torres yet another notice of deposition with this information on February 14, 2024.  *See* Doc. 273-3.  However, Torres did not appear for his deposition on March 4, 2024.  Doc. 273 at 2.

On March 8, 2024, Defendants filed a letter motion to compel Torres to appear for a deposition on the grounds that he had repeatedly failed to cooperate with Defendants to schedule one.  Doc. 265.  That same day, the Court granted Defendants' motion and ordered Torres to appear for a deposition on April 9, 2024.[3]  Doc. 266.  Additionally, the Court warned Torres that failure to appear for the deposition could result in dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *Id.*

Torres wrote to the Court on March 11, 2024 to oppose the motion to compel on the basis that several of the Court's interlocutory procedural and scheduling orders were currently on appeal before the Second Circuit.  Doc. 267.  Because the Court had already granted the motion to compel and the interlocutory appeals did not affect discovery scheduling, the Court denied Torres' motion for a stay on March 14, 2024.  Doc. 268.  Once again, the Court reiterated that failure to appear for the April 9, 2024 deposition could result in dismissal of the action for failure to prosecute pursuant to Rule 41(b).  *Id.*

On April 2, 2024, a week before the scheduled deposition, Torres sent another letter to the Court acknowledging the March 8, 2024 order compelling the deposition.

---

[2] This first notice of deposition did not have a date certain.  *See* Doc. 273-1, n. 1.

[3] On March 12, 2024, Torres filed an interlocutory appeal of the March 8, 2024 order to compel his deposition.  *See* Doc. 269.  However, the Second Circuit had previously entered an order requiring Torres to file a motion seeking a leave to file any future appeals.  *See Torres v. City of New York*, Docket No. 24-574 (2d Cir. 2024), ECF No. 5.  Torres thereafter filed a motion for leave, which the Second Circuit denied on May 3, 2024.  *Id.* ECF Nos. 6, 23.

Doc. 272 ¶ 4.  Nevertheless, Torres did not appear for the deposition on April 9, 2024, and on April 17, 2024, Defendants filed the instant motion to dismiss Torres' claims with prejudice pursuant to Federal Rule of Civil Procedure 37(d)(1) for failure to appear at his deposition or, in the alternative, Rule 41(b) for lack of prosecution.  Doc. 273.  Torres filed his response in opposition to Defendants' motion on May 13, 2024, arguing that the motion should be automatically denied and Defendants sent to prison.  Doc. 277.  He also argues that he is justified in resisting the deposition, citing Rule 37.  *Id.*

## II.    LEGAL STANDARD

"Rule 41(b) dismissals are a 'harsh remedy' that are 'appropriate only in extreme circumstances.'"  *Spencer v. Doe*, 139 F.3d 107, 112 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  The Second Circuit has counseled district courts to "be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant."  *Id.* (quoting *Lucas*, 84 F.3d at 535) (internal quotation marks omitted).  However, "all litigants, including *pro ses*, have an obligation to comply with court orders and failure to comply may result in sanction, including dismissal with prejudice."  *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)) (internal quotation marks omitted).

Courts evaluating dismissal for lack of prosecution under Rule 41(b) must consider the following factors:

(1) the duration of the plaintiff's failure to comply with the court order;

(2) whether the plaintiff was on notice that failure to comply would result in dismissal;

(3) whether the defendants are likely to be prejudiced by further delay in the proceedings;

(4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and

(5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Spencer*, 139 F.3d at 112–13 (2d Cir. 1998).  When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## III.    DISCUSSION

In the instant case, all five factors weigh in favor of dismissal.[4]

*First*, Torres has twice failed to appear for a properly noticed deposition, the latter of which the Court ordered on March 8, 2024 and scheduled for April 9, 2024.  Doc. 266. Thus, Torres has delayed the prosecution of his own claims for nearly eight months.  "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b).  *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 U.S. Dist. LEXIS 199124, at *6 (S.D.N.Y. Dec. 2, 2017) (citations omitted) (internal quotations omitted).

*Second*, the Court gave Torres clear notice that failure to comply with Court orders could result in dismissal.  The Court specifically ordered Torres on two separate occasions—March 8 and 14, 2024—that he was required to appear for a deposition on April 9, 2024 and warned that "[f]ailure to do so may result in dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)."  Docs. 266, 268.  Nonetheless, Torres failed to appear or otherwise show cause for why he could not appear.

*Third*, Torres' failure to appear for a deposition prejudices Defendants.  The Court "presume[s] as a matter of law that Defendant will be prejudiced by further delay."  *Perez v. City of New York*, No. 02-cv-3670 (WK), 2003 U.S. Dist. LEXIS 7063, at *6 (S.D.N.Y. Apr. 10, 2003) (citing *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1991)). Torres has an obligation to appear for a properly noticed deposition.  *Universal City Studios, Inc. v. Corley*, No. 00 Civ. 277 (LAK), 2000 U.S. Dist. LEXIS 10621, at *8

---

[4] Defendants also move to dismiss pursuant to Rule 37(d)(1).  Doc. 273.  Because the Court is granting Defendants' motion on other grounds, it does not reach this argument.

(S.D.N.Y. May 12, 2000). His continued refusal to do so stands in the way of Defendants' ability to prepare their defense in this matter.

*Fourth*, the Court's docket is busy enough without having to continually order Torres to appear for a deposition, an action which is necessary to get him closer to the relief that he himself seeks. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently.") (citing *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Furthermore, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. City of New York*, No. 16 Civ. 3217 (AJN), 2020 U.S. Dist. LEXIS 191416, at *9 (S.D.N.Y. Oct. 15, 2020) (quoting *Holcombe v. Skupien*, No. 14-cv-1448 (PAC), 2014 U.S. Dist. LEXIS 170143, at *8–9 (S.D.N.Y. Dec. 5, 2014)) (internal quotation marks omitted) (alterations in original).

*Fifth*, there is no sanction short of dismissal that is appropriate. Not only has Torres ignored a court order to appear for a deposition, he has otherwise failed to schedule and appear for a deposition in the eight months afterwards. Torres also indicates that he has no intention to ever submit for a deposition, writing in his response, "[t]he extraordinary crimes committed by the defendants and their lawyers qualifies them to a jail cell and nothing else; under Rule 37 I am more than justify [sic] in resisting the deposition." Doc. 277 at 6. While Torres has a right to be heard by this Court, "this right is qualified by the obligation to comply with lawful court orders." *Watkins v. Marchese*, No. 13 Civ. 03267 (GBD) (SN), 2015 U.S. Dist. LEXIS 100521, at *9 (S.D.N.Y. July 31, 2015) (quoting *George v. City of New York*, No. 12 Civ. 6365 (PKC) (JLC), 2013 U.S. Dist. LEXIS 159434, at *12 (S.D.N.Y. Nov. 6, 2013)) (internal quotation marks and alterations omitted).

Torres has steadfastly refused to sit for a deposition that has been so-ordered by the Court. Therefore, the litigation has remained at an impasse. Given his continuous

and purposeful refusal to comply with the Court's order, the Court has no other choice but to dismiss his actions against all Defendants.

## IV.    CONCLUSION

For the foregoing reasons, the case is DISMISSED with prejudice for failure to prosecute.  In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Order would not be taken in good faith and therefore denies in forma pauperis status for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 445–45 (1962).  The Clerk of Court is respectfully directed to terminate the motion, Doc. 273, and close the case.

It is SO ORDERED.

Dated:    December 2, 2024
         New York, New York

_____
        EDGARDO RAMOS, U.S.D.J.